**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

| | |
|---|---|
| EDWARD D. HEATON, <br><br> Plaintiff, <br><br> vs. <br><br> THE WEITZ COMPANY, INC., <br><br> Defendant. | No. 05-CV-102-LRR <br><br> **ORDER** |

*TABLE OF CONTENTS*

*I.   INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*

*II.  PROCEDURAL BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . *1*

*III. ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*
  *A.   The* **Burrows** *Decision* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*
        *1.   The parties' arguments* . . . . . . . . . . . . . . . . . . . . . . . *3*
        *2.   Relevance—Rules 401 and 402* . . . . . . . . . . . . . . . . . *3*
        *3.   Rule 403 balancing* . . . . . . . . . . . . . . . . . . . . . . . . . *5*

  *B.   Testimony by Charles Zahorik About the* **Burrows** *Decision* . . . . . . *11*

  *C.   Caveat to the Court's Ruling* . . . . . . . . . . . . . . . . . . . . . . . . *11*

*IV.  CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *12*

*I.   INTRODUCTION*

The matter before the court is Defendant The Weitz Company, Inc.'s Motion in Limine (docket no. 26).

*II.  PROCEDURAL BACKGROUND*

On June 21, 2005, Plaintiff Edward D. Heaton ("Heaton") filed a Complaint against Defendant The Weitz Company, Inc. ("Weitz"), alleging, among other claims, retaliation

based on the fact that he had complained to Weitz management about national origin harassment or discrimination. The balance of Heaton's allegations were dismissed at the summary judgment stage. *See* Order (docket no. 32).

On November 7, 2006, Weitz filed the instant Motion in Limine. On November 12, 2006, Heaton filed a resistance.

On November 13, 2006, the court held a Final Pretrial Conference. Attorney Amy L. Reasner represented Heaton. Attorney Gene R. La Suer represented Weitz. The parties made brief oral arguments regarding the Motion in Limine. The matter is fully submitted and ready for decision.

### III. ANALYSIS

In its Motion in Limine, Weitz seeks to exclude the following evidence from trial: (1) the Deputy Iowa Workers' Compensation Commissioner's decision in *Donald Burrows v. The Weitz Company*[1] and (2) testimony regarding the *Burrows* decision from Charles Zahorik, the union manager of Ironworkers Local 89 Union.

### A. The Burrows *Decision*

In the *Burrows* decision, Claimant Burrows was injured in April of 2001, had surgery in May of 2001, received physical therapy treatments and then, on October 3, 2001, was given permission by his doctor to "return to full-work activities as tolerated." Court Exhibit 1, at 2-3. Burrows was recalled to work by Weitz in late 2001, but he was eventually laid off and not recalled. *Id.* at 3. The Deputy Iowa Workers' Compensation Commissioner ("Deputy") concluded: "[Weitz's] motivation for not recalling [Burrows] to work is suspect and will be taken into account in determining claimant's industrial disability." *Id.* at 6. The court assumes that Weitz did not seek review of the *Burrows*

---

[1] The court shall hereinafter refer to the April 8, 2004 Iowa Workers' Compensation Commissioner's written decision in *Donald Burrows v. The Weitz Company* as "the *Burrows* decision." It is attached hereto and marked as Court Exhibit 1.

2

decision and that the decision of Deputy stands as the final decision of the Iowa Workers' Compensation Commissioner.

### 1. The parties' arguments

Weitz seeks to exclude the *Burrows* decision from evidence for several reasons. Weitz argues that the *Burrows* decision is irrelevant, unduly prejudicial and "amounts to the use of improper expert witness testimony." (docket no. 26, at ¶ 1). Weitz argues that the *Burrows* decision involved a claim for damages as a result of a work-related injury and that the sole issue was the extent of the claimant's industrial disability. It claims that the *Burrows* decision is "wholly unrelated" to the instant case. Finally, Weitz argues that the evidence should be excluded as inadmissible hearsay under Federal Rules of Evidence 801 and 802.

Heaton counters that the *Burrows* decision is admissible and relevant under the "me too" or "background circumstances" theories. Heaton argues that the *Burrows* decision is relevant because it shows Weitz's state of mind, which is necessary to satisfy the "causal connection" element of his retaliation claim. Heaton argues that the Deputy determined that Weitz acted out of retaliation in the *Burrows* decision and that the events in Burrows's case were close in time to the time that Heaton was demoted and laid off. Heaton argues that this evidence will not confuse the issues and is not tantamount to expert testimony. Finally, he claims that the *Burrows* decision consists of trustworthy findings from an administrative proceeding and is, therefore, admissible under Federal Rule of Evidence 803(8)(C).

### 2. Relevance—Rules 401 and 402

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Generally, relevant evidence is admissible at trial. *See* Fed. R. Evid. 402. *Cf. McPheeters v. Black & Veatch Corp.*, 427

3

F.3d 1095, 1101-02 (8th Cir. 2005) (affirming the district court's decision in an age discrimination case in which it excluded as irrelevant an Excel spreadsheet and interrogatory answer which listed other complaints of discrimination against the employer). However, relevant evidence may be excluded under Federal Rule of Evidence 403 if its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

In order to prevail on his claim of retaliation, Heaton must prove that: (1) Heaton complained to Weitz that he had been harassed or discriminated against based on his national origin, (2) Heaton reasonably believed that he was being harassed or discriminated against on the basis of his national origin, (3) Weitz subsequently took an adverse employment action against Heaton, and (4) Heaton's complaint of national origin harassment and discrimination was a motivating factor in Weitz's action. *See* Eighth Circuit Manual of Model Civil Jury Instructions § 5.62 (2005); *see also Tenkku v. Normandy Bank*, 348 F.3d 737, 742 (8th Cir. 2003) (explaining that a plaintiff must show that she engaged in "conduct protected by Title VII and suffered an adverse employment action that was 'causally linked to the protected conduct'" (quoting *Kiel v. Select Artificials, Inc.*, 169 F.3d 1131, 1136 (8th Cir. 1999))).

The broad statutory prohibition on discrimination in Title VII encompasses a ban on retaliation. *See* 42 U.S.C. § 2000e-3(a) (making it unlawful for an employer to discriminate against any employee "because he has opposed any practice made an unlawful employment practice by this subchapter . . . ."). Therefore, the court looks to discrimination cases for guidance in this retaliation case. The Eighth Circuit Court of Appeals has stated that, in discrimination cases, "proof of incidents other than those actually in suit should, in general, be freely allowed." *LaClair v. City of St. Paul*, 187 F.3d 824, 828 (8th Cir. 1999). "Where a defendant's state of mind is at issue, conduct

4

by the defendant in other situations may be the only practical way a plaintiff can establish her case." *Id.* (citing *Estes v. Dick Smith Ford, Inc.*, 856 F.2d 1097, 1102 (8th Cir. 1988), *overruled in part on other grounds by Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989), *as recognized in Foster v. Univ. of Ark.*, 938 F.2d 111, 115-16 (8th Cir. 1991)). Admission of evidence regarding other incidents of retaliation is relevant where the prior or other incident occurs "at about the same time and under similar circumstances" to the plaintiff's alleged retaliation. *Duckworth v. Ford*, 83 F.3d 999, 1001-02 (8th Cir. 1999) (citing Fed. R. Evid. 404(b)).

Weitz's decision not to recall Burrows to work occurred in late 2001—about two years prior to the time it allegedly demoted and laid off Heaton. The *Burrows* decision involves a situation where an employee was injured and made a claim for workers' compensation benefits. Therefore, it is factually distinct from the situation here, where Heaton made a civil rights complaint. Moreover, in the *Burrows* decision, the Deputy noted his suspicion of Weitz's motivation for failing to recall Burrows, but the Deputy made no definitive finding on the issue. For these reasons, the court concludes the *Burrows* decision is only marginally relevant in this case. That is, the *Burrows* decision makes it only slightly more probable that Weitz employee Michael Novy had a retaliatory state of mind in the fall of 2003 when he demoted and laid off Heaton. *See* Fed. R. Evid. 401. The court finds it is marginally relevant to the "motivating factor" or causal connection element.

### 3. *Rule 403 balancing*

It is well established that relevant evidence may be excluded under Federal Rule of Evidence 403 if its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

5

The Eighth Circuit Court of Appeals has not had the opportunity to examine whether a non-party workers' compensation decision is admissible in a retaliation jury trial. It has, however, examined situations where a plaintiff seeks to admit evidence of a prior jury verdict against the defendant. To determine whether the *Burrows* decision is admissible under Rule 403, the court will examine two such cases now.

In *Anderson v. Genuine Parts Co., Inc.*, 128 F.3d 1267 (8th Cir. 1997), which is an age discrimination case, the plaintiff sought to present evidence of a "jury verdict in [a] prior successful age discrimination suit against [the defendant] by another 'older' outside sales representative." *Id.* at 1269. The district court allowed the plaintiff to use the testimony from the prior case for the purpose of impeaching the defendant's witnesses, but disallowed the plaintiff from informing the jury about the jury verdict in the prior case. *Id.* at 1272. The Eighth Circuit Court of Appeals affirmed and explained: "[A] jury verdict does not constitute evidence. Rather, a jury's verdict simply represents findings of fact, based on the evidence presented to it." *Id.* It held that, because the district court allowed the plaintiff "ample opportunities to present to the jury facts surrounding [the demotion of the prior successful plaintiff]," the court did not commit reversible error by excluding the prior jury verdict. *Id.*; *see Phillip v. ANR Freight Sys., Inc.*, 945 F.2d 1054, 1056 (8th Cir. 1991) (reversing the district court's exclusion of "evidence of other age discrimination lawsuits filed against [the defendant]" and explaining that "the admission of such 'background evidence may be critical for the jury's assessment of whether a given employer was more likely than not to have acted from an unlawful motive'" (citing *Estes*, 856 F.2d at 1103)).

Moreover, in *Anderson*, the Eighth Circuit Court of Appeals repeated and endorsed its prior determination that district courts should allow evidence of an employer's past acts of discrimination because such evidence "is necessary to assist plaintiff's in the difficult burden of proving intentional discrimination. An employer's prior acts of discrimination

6

may show the employer's state of mind at the time of the adverse employment action in question." 128 F.3d at 1272 (citing *Hawkins v. Hennepin Tech. Ctr.*, 900 F.2d 153, 155-56 (8th Cir. 1990)); *see Hawkins*, 900 F.2d at 155-56 (holding that the court's ruling on a motion in limine "unfairly prevented [the plaintiff] from proving her case" in a sexual harassment retaliation case where the court barred plaintiff from "making any reference" to allegations of sexual harassment that preceded her complaint and subsequent retaliation). *But see Summit v. S-B Power Tool*, 121 F.3d 416, 422 (8th Cir. 1997) (upholding the trial court's exclusion of evidence of sexual harassment which occurred six years before plaintiff's alleged constructive discharge, in part, because the court "admitted the balance of [the plaintiff's] background information" in the age discrimination case).

In *Duckworth v. Ford*, 83 F.3d 999 (8th Cir. 1996), the Eighth Circuit Court of Appeals affirmed the district court's decision to admit evidence of another incident of retaliation pursuant to Federal Rule of Evidence 404(b).[2] *Duckworth*, 83 F.3d at 1001-02. Duckworth, a Missouri state patrol officer, alleged a First Amendment-based civil rights claim against a fellow officer, Ford, who had been a candidate for superintendent of the state patrol. *Id.* at 1000. The facts leading up to the civil rights claim are summarized as follows: Ford and C.E. Fisher had been rival candidates for the superintendent position and Duckworth supported Fisher. *Id.* There was a device found on Ford's telephone and rumors began circulating that Duckworth was responsible for placing a bug or wiretap on

---

[2] In pertinent part, Federal Rule of Evidence 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .

Fed. R. Evid. 404(b).

Ford's telephone. *Id.* The governor nominated Ford as superintendent. *Id.*[3] Duckworth worried that his career would be ruined due to the rumors. *Id.* Duckworth had a heart attack, took long-term disability status and left the highway patrol. *Id.*

Duckworth filed an action "alleging that [the defendant] had violated his first amendment rights by spreading the wiretap rumors in retaliation for his supporting Fisher for the superintendent position and that this retaliation caused constructive discharge." *Id.* at 1000-01. At Duckworth's trial, "the district court admitted into evidence certain information about the litigation and jury verdict in favor of [Darnell] and against [Ford] in another case, *Darnell v. Ford*, 903 F.2d 556 (8th Cir. 1990)." *Duckworth*, 83 F.3d at 1001. In *Darnell*, the plaintiff was a Missouri state patrol troop commander who sued Ford and contended that Ford's action of disciplining Darnell violated Darnell's First Amendment right to free speech. *Darnell*, 903 F.2d at 557. Darnell alleged that Ford recommended discipline due to Darnell's opposition to Ford's candidacy for the superintendent position. *Id.* The jury found in favor of Darnell and awarded him substantial damages. *Id.*

The jury in *Duckworth* returned a verdict in favor of Duckworth. *Duckworth*, 83 F.3d at 1001. On appeal in *Duckworth*, Ford argued that the evidence of the jury's verdict in the case involving Darnell should not have been admitted. *Id.* Citing Federal Rule of Evidence 404(b), the Eighth Circuit Court of Appeals affirmed the district court's evidentiary ruling and stated:

> The two cases are factually similar. In *Darnell v. Ford*[,] the plaintiff was a captain in the state highway patrol who claimed that Ford had violated his first amendment right to free speech by recommending his demotion because he had opposed Ford's

---

[3] The governor eventually withdrew Ford's nomination due to a jury finding against Ford in *Darnell v. Ford*. *Duckworth*, 83 F.3d at 100; *see Darnell v. Ford*, 903 F.2d 556 (8th Cir. 1990) (setting forth factual and procedural history of Darnell's case against Ford).

8

> candidacy for superintendent. The jury found for the plaintiff. The events at issue in *Darnell v. Ford* occurred at about the same time as the events at issue in the present case. Evidence that Ford had retaliated against someone else at about the same time and under similar circumstances is evidence from which the jury could reasonably infer that Ford had a similar motive or intent to retaliate against Duckworth. *Cf. Estes v. Dick Smith Ford, Inc.,* 856 F.2d 1097, 1103 (8th Cir. 1988) (other incidents of employment discrimination). We cannot say that its probative value was substantially outweighed by its prejudicial impact. We note that the district court cautioned the jury about the limited relevance of the judgment in *Darnell v. Ford* before the opening statements and again before the cross-examination of William Darnell, who testified as a witness in the present case and who was the plaintiff in *Darnell v. Ford*.

*Duckworth*, 83 F.3d at 1001-02.

The admissibility of information regarding the *Burrows* decision does not hinge on the Eighth Circuit Court of Appeals' affirmation of the district court's decision in *Duckworth*. The "other incident" evidence in that case was both factually similar and close in time to the incidents of retaliation claimed by Duckworth. Here, the relevant events in Burrows's case occurred two years prior to the events in Heaton's case *and* they are not factually related. *Duckworth* is also distinguishable from the situation here, because, in *Duckworth*, the "other" plaintiff testified. Here, Heaton does not intend to call Burrows to testify. This case is more analogous to the situation in *Anderson*.

The court shall exclude the *Burrows* decision from evidence at trial. Because Weitz's treatment of Burrows was distant in time and different in circumstances from the retaliation allegedly suffered by Heaton, the *Burrows* decision has limited probative value. Its probative value is substantially outweighed by the danger of confusion, misleading the jury and delay. Fed. R. Evid. 403. First, the burden in the *Burrows* decision was different than the burden in the instant case. *See Byrnes v. Donaldson's, Inc.*, 451

9

N.W.2d 810, 813 (Iowa 1990) ("The burden of persuasion on the extent of industrial disability, if any, is on the worker." (citations omitted)); *Klein v. Furnas Elec. Co.*, 384 N.W.2d 370, 374 (Iowa 1986) ("The commissioner and the district court properly concluded that the burden of establishing the extent of [the claimant's] disability remained [on her] . . . .").

Second, the admission of the *Burrows* decision would invite the introduction of evidence on collateral issues. *See Easley v. Am. Greetings Corp.*, 158 F.3d 974, 976 (8th Cir. 1998) (affirming the district court's exclusion of evidence of a supervisor's sexual advances on plaintiff in a retaliation case involving a different supervisor's behavior and stating: "Admitting the evidence would have opened the door to the introduction of evidence on collateral issues . . . that only would prolong the trial and that might confuse the jury."). Heaton argues that the Deputy's statement that "[Weitz's] motivation for not recalling claimant to work is suspect" is equivalent to a finding of retaliation. That statement was made by the Deputy in the *Burrows* decision after several pages of findings and analysis. The parties would have to delve deeply into the underlying workers' compensation case in order to explain fully to the jury the Deputy's statement. Such a diversion would be both a waste of time and unduly prejudicial to Weitz.

Finally, the court finds that the risk of prejudice is heightened because the *Burrows* decision carries with it the imprimatur of the Deputy. Because the Deputy is tantamount to a judicial officer, admission of the *Burrows* decision may induce the jury to trust the Deputy's judgment of Weitz and witnesses Michael Novy and Charles Zahorik, rather than its own view of the evidence.

The court shall grant this portion of Weitz's Motion in Limine and exclude the *Burrows* decision from evidence.[4]

---

[4] Because the court shall exclude the *Burrows* decision under Federal Rule of
(continued…)

### B. Testimony by Charles Zahorik About the Burrows *Decision*

In its Motion in Limine, Weitz also seeks to prohibit Charles Zahorik from testifying about the facts underlying the *Burrows* decision.

Although Zahorik might be able to testify to the fact that Burrows had a workers' compensation claim and was called back to work at Weitz briefly, Zahorik would be speculating as to the reason Burrows was eventually not called back to work. To explore all of the possible reasons Burrows was not retained would open the door to the introduction of evidence on collateral issues, prolonging the trial and confusing the jury.

At this pretrial stage, the court finds that any direct testimony regarding Weitz's treatment of Burrows is unduly prejudicial to Weitz. *See* Fed. R. Evid. 403. For the reasons stated above in Part III(A), such evidence shall be excluded because it will not "assist in the development of a reasonable inference of [retaliation]." *Callanan v. Runyun*, 75 F.3d 1293, 1298 (8th Cir. 1996). Moreover, if the court were to allow the parties to ask Zahorik questions regarding his involvement with Burrows's employment with Weitz, it would likely confuse the jury, mislead the jury and waste time. *See* Fed. R. Evid. 403. The probative value of such evidence is substantially outweighed by the danger of having a mini-trial on collateral matters. *Id.*

### C. Caveat to the Court's Ruling

The court might permit the use of sworn testimony involved in the *Burrows* decision for impeachment purposes in the instant case, *see* Fed. R. Evid. 613, but the evidence shall otherwise be excluded. *See Anderson*, 128 F.3d at 1272 (permitting the use of prior testimony for impeachment purposes). If, during the trial, one of the parties believes the

---

[4](…continued)
Evidence 403, it does not consider the parties' arguments regarding whether the *Burrows* decision contains inadmissible hearsay or whether it is inadmissible expert testimony.

testimony involved in the *Burrows* decision is relevant for impeachment purposes, they shall raise the issue with the court outside the presence of the jury.

Likewise, if during the course of trial, the case comes in differently than expected and Heaton believes evidence regarding the *Burrows* decision has become relevant, it shall approach the court outside the presence of the jury and the court may reconsider its ruling. *See McPheeters*, 427 F.3d at 1103.

## IV.  CONCLUSION

For the foregoing reasons, it is hereby **ORDERED**:

(1)  Weitz's Motion in Limine (docket no. 26) is **GRANTED**; and

(2)  The parties must not directly or indirectly refer to or elicit answers from witnesses on the prohibited subject. Each party is charged with the responsibility of cautioning its witnesses as to the substance of this order.

**IT IS SO ORDERED.**

**DATED** this 22nd day of November, 2006.

_____
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA